Curia, per

Butler, J.
The question in this case cannot, in principle, be distinguished from that decided in the case of Scanlan vs. Porter, 1 Bail. 427, and the subsequent cases in the Court of Equity of Adams vs. Chapman, 1 Hill, 265, and Barksdale vs. Edwards, 2 Hill C. R. 184. The two last recognised and confirmed the authority of the first. These cases rest mainly on the authority of Fairfield vs. Morgan, 5 Bos. & Pul. 38. Since the decision of this case, there has been no disposition to agitate the question in the English Courts, and its authority has been uniformly followed in the United States. The words of devise in those cases referred to were very nearly alike. In the case of Scanlan vs. Porter, the devise was to testator’s son, but if he should die before he attains the age of 21, or have issue, then over. The word or was here construed and, because it best comported with the true intention of the testator, to conclude that if his son died under age, and without issue, the property was to go over; but that it never could have been the design of the father to disinherit the issue of his child, should he die under age, leaving issue. And such would have been the effect, if the particle or had received its disjunctive meaning. Might not the same result have followed, in relation to the clause of the will now before the court, if or were not construed and. Suppose any of *262 testator’s minor children, (and all the children by the second marriage were in their minority at the death of their father,) had married and died in their minority, leaving issue; the husband and issue of such marriage would be divested of the property, if the construction should prevail that is now contended for by the plaintiffs. We think Civility Maner took an absolute estate upon attaining the age of 21. It is said that these words, “ die underage, or before marriage,” do not import the same thing as attaining age, or leaving issue, as the testator in this last case might well mean to provide for issue when he would not intend the same for marriage. In the event of issue being the fruit of marriage, there could be no difference. And to give effect to a devise in such case, or must be construed and. In principle, there is no distinction in the two cases; and if it were to be made, it would lead to mischievous confusion. The English Courts do not seem to have noticed the distinction at all. In the case of Thackeny vs. Hampton, 1 Cond. E. C. Cases, 424, the testatrix gave the residue of her property to her two grand daughters, in trust, till they come of age, or marry, but if one of them die before marriage or coming of age, then her share to go to the survivor, or her children. One of the legatees married, and the other attained 21. Held that both acquired absolute vested intérests, upon the happening of those events; the Vice Chancellor saying that it was the meaning of the testatrix, that if either died under age and unmarried, her share should go over to the survivor. Of course, this view could not have been taken if or had received its literal disjunctive meaning.
Note. — In Miles vs. Dyer, 7 Cond. E. Ch. Rep. 484—Testator bequeathed his real and personal estate to trustees, in trust to pay an annuity to his wife, and to raise and pay to each of his children £2000, on their attaining twenty-one, and to accumulate the surplus income of tlie trust property, during the life of his wife, and after her death to sell the property and divide the proceeds amongst his children on their attaining twenty-one ; and in case all his children should die in the life time of his wife, or under twenty-one and without leaving issue, then, after his wife’s death, to sell the trust property and divide the proceeds among certain other persons — held, that or ought to be read as and, and that the children having attained twenty-one,were absolutely entitled to the property, though their mother was living.
*262 The result of our judgment is in conformity with that of the Circuit Court, that Civility Ewing Maner took an absolute estate, upon attaining the age of 21; and, of course, the limitation over being too remote, is void. The judgment below is therefore affirmed, and this motion dismissed.
Richardson, O’Neall, Evans and Wardlaw, JJ., concurred.
The Vice-Chancellor. This case is one of that numerous class in which the word or ought to read and. It is clear the testator did not mean the trust property to go over, if his children attained twenty-one, or if they died under twentv-one, leaving issue. He meant to put in opposition to each other, dying under twenty-one without leaving issue, and attaining twenty-one.